

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. WR-82,609-01

**EX PARTE LAKIM MINTRELL GUILD, Applicant**

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 11-5-8612 A IN THE 24TH DISTRICT COURT
FROM JACKSON COUNTY**

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of assault with family violence and sentenced to fifty years' imprisonment. The Thirteenth Court of Appeals affirmed his conviction. *Guild v. State*, No. 13-12-00175-CR (Tex. App. – Corpus Christi, August 20, 2013, no pet.).

Applicant contends, among other things,[1] that his trial and appellate counsel rendered ineffective assistance for various reasons. Applicant was represented by the same attorney at trial

---

[1]This Court has reviewed Applicant's other claims, and finds them to be without merit.

and on direct appeal. Applicant alleges that counsel was ineffective at trial because counsel did not object when it was learned that the complainant's aunt had served on the grand jury that returned the indictment in this case. Applicant also alleges that counsel did not object to the State's use of steak knives that had not been seized from Applicant or otherwise connected to Applicant as demonstrative exhibits. Applicant alleges that counsel did not advise him that a sixteen-year plea offer which he had previously rejected had been extended until just before trial. Applicant also alleges that counsel was ineffective for failing to rebut the State's proffered race-neutral reason for striking the only African-American *venire* member. He alleges that counsel should have moved for a directed verdict or argued for self-defense when the complainant testified that she had hit Applicant.

With respect to counsel's performance on direct appeal, Applicant alleges that counsel advised him in a letter eighteen days after the court of appeals had affirmed his conviction that counsel needed to do some research to determine whether he would file a petition for discretionary review on Applicant's behalf. Applicant alleges that counsel advised him that if he were to file a *pro se* petition for discretionary review, such a petition would nullify a petition filed by counsel, and the court would only consider the *pro se* petition. Applicant alleges that he waited to hear from counsel, but that counsel did not advise him whether or not he was filing a petition for discretionary review on his behalf until it was too late to file a *pro se* petition. No petition for discretionary review was filed in this case, and the court of appeals' docket does not show that appellate counsel filed a letter certifying compliance with Texas Rule of Appellate Procedure 48.4.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294

(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claims of ineffective assistance of trial and appellate counsel.

Specifically, counsel shall state whether he learned that the complainant's aunt had served on the grand jury that returned the indictment in this case, and if so, when this information was discovered and why he did not lodge an objection.

Counsel shall state whether the defense was provided with notice that the State intended to seek an affirmative deadly weapon finding, as no deadly weapon was alleged in the indictment. Counsel shall state whether he objected to the use of steak knives as demonstrative exhibits.

Counsel shall state whether he communicated any and all plea offers to Applicant, whether Applicant accepted or rejected any such offers, and whether any offers were extended until just before trial.

Counsel shall state why he did not try to rebut the State's proffered race-neutral reason for striking the only African-American *venire* member, which appears to have been based solely on the *venire* member's not-uncommon last name.

Counsel shall state whether self-defense was ever a theory explored or considered as a defense in this case, and whether the complainant testified that she had hit Applicant, thereby raising the possibility of self-defense.

Finally, counsel shall state whether he timely advised Applicant that his conviction had been affirmed on direct appeal, and of his right to file a *pro se* petition for discretionary review. Counsel shall state whether he advised Applicant to wait until he had researched the possibility of filing a petition for discretionary review on Applicant's behalf, and if so, whether he advised Applicant that he did not intend to file such a petition, and when.

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.* If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial and appellate counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings as to whether Applicant was denied his opportunity to petition this Court for discretionary review due to the deficient advice of counsel. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 28, 2015
Do not publish